UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARK MCCLESKEY, TRUSTEE AND INDIANA STATE COUNCIL OF PLASTERERS AND CEMENT MASONS HEALTH AND WELFARE AND PENSION FUNDS,<br><br>Plaintiff,<br><br>v.<br><br>JMY PLASTERING SPECIALIST LLC,<br><br>Defendant. | No. 1:22-cv-01718-JPH-KMB |

**ORDER ON MOTION FOR DEFAULT JUDGMENT**

On August 30, 2022, Plaintiffs filed a complaint against Defendant, JMY Plastering Specialist LLC, seeking damages for unpaid employer contributions under the Employee Retirement Income Security Act of 1974 ("ERISA"). Dkt. 1. Defendant has not responded or defended this case. On November 28, 2022, the clerk entered default against JMY. Dkt. 8. Plaintiffs have moved for default judgment. Dkt. [9]. For the reasons that follow, that motion is **DENIED without prejudice**.

### A.  Liability

Federal Rule of Civil Procedure 55 creates a two-step process for a party seeking default judgment. *See VLM Food Trading Int'l, Inc. v. Illinois Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016). First, the plaintiff must obtain an entry of default from the Clerk. Fed. R. Civ. P. 55(a). Upon default, the well-pleaded allegations in the complaint relating to liability are taken as true. *VLM Food*,

1

811 F.3d at 255. Second, after obtaining entry of default, the plaintiff may seek an entry of default judgment. Fed. R. Civ. P. 55(b).

Here, an entry of default was entered against JMY, dkt. 8, and Plaintiffs seek default judgment, dkt. 9. Therefore, the allegations in the complaint, when taken as true, establish liability and the Court must determine damages. *See* Fed. R. Civ. P. 55(b).

### B. Damages

While the Court must accept as true allegations relating to liability, damages must be proven to a "reasonable certainty." *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007). A hearing is required unless "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Id.*

Plaintiffs request default judgment for $68,428.69 in unpaid contributions, liquidated damages, interest, and audit costs. Dkt. 9. In support, they provide only an affidavit from the firm that completed the audit for Plaintiffs. Dkt. 9-1. The affidavit recites the amounts that the audit report found be in arrears, the amount charged for the audit, and a liquidated damages figure of ten percent. *Id.* That is the only evidence about Plaintiffs' damages—they have not submitted the audit report or any records or summaries of the information on which it relied or explained how the damages were calculated. *See id.* They also have not submitted evidence to support ten

percent liquidated damages.  *See id.*; dkt. 1 at 3 (complaint asking for twenty percent liquidated damages).

The affidavit is not enough, standing alone, to support a default judgment.  The Court must be able to determine damages "from definite figures contained in the documentary evidence or in *detailed* affidavits."  *e360 Insight*, 500 F.3d at 602 (emphasis added).  The affidavit here is unsupported by any exhibits and does not explain how damages were calculated.  *Cf. McCleskey v. Eason Constr. LLC*, No. 1:21-cv-01250-JPH-DLP, 2022 WL 3646967, at *1–*2 (S.D. Ind. Aug. 23, 2022) (finding damages established by an affidavit with supporting spreadsheets that itemized damages); *Tr. of Int'l Painters & Allied Trades Local No. 47 v. Mid-States Painting Co.*, No. 1:20-cv-1560-JPH-DLP, 2021 WL 5235113, at *1 (S.D. Ind. Nov. 8, 2021) (same).  Plaintiffs' motion for default judgment is therefore **DENIED without prejudice**.  Dkt. [9].

**SO ORDERED.**

Date: 12/19/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Donald D. Schwartz
ARNOLD & KADJAN
dds@aandklaw.com