UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARK MCCLESKEY, Trustee, <br> INDIANA STATE COUNCIL OF <br> PLASTERERS AND CEMENT MASONS <br> HEALTH AND WELFARE AND PENSION <br> FUNDS, <br><br> Plaintiff, <br><br> v. <br><br> JMY PLASTERING SPECIALIST LLC, a <br> Missouri limited liability company, <br><br> Defendant. | No. 1:22-cv-01718-JPH-KMB |

**ORDER ON MOTION FOR DEFAULT JUDGMENT**

In August 2022, Plaintiffs—Mark McCleskey and the Indiana State Council of Plasterers and Cement Masons Health and Welfare and Pension Funds—filed a complaint against Defendant JMY Plastering Specialist LLC, seeking damages for unpaid employer contributions. Dkt. 1. Defendants have not responded or defended this case. In November 2022, clerk's entry of default was entered against JMY. Dkt. 8. Plaintiffs have filed a renewed motion for default judgment. Dkt. [13]. For the reasons that follow, that motion is **GRANTED**.

    **A.**    **Liability**

Federal Rule of Civil Procedure 55 creates a two-step process for a party seeking default judgment. *See VLM Food Trading Int'l, Inc. v. Illinois Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016). First, the plaintiff must obtain an entry

1

of default from the Clerk. Fed. R. Civ. P. 55(a). Upon default, the well-pleaded allegations in the complaint relating to liability are taken as true. *VLM Food*, 811 F.3d at 255. Second, after obtaining entry of default, the plaintiff may seek a default judgment. Fed. R. Civ. P. 55(b).

Here, an entry of default was entered against JMY, dkt. 8, and Plaintiffs seek default judgment. The allegations in the complaint, when taken as true, establish liability, so the Court must determine damages. *See* Fed. R. Civ. P. 55(b).

### B.   Damages

While the Court must accept as true allegations relating to liability, "damages must be proved unless they are liquidated or capable of calculation." *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012). A hearing is therefore required unless "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007).

Here, Plaintiffs seek unpaid benefit contributions, liquidated damages, and audit costs. Dkt. 13 at 2. Their damages can be calculated from definite figures in Plaintiffs' evidence, so a hearing is unnecessary. *See e360 Insight*, 500 F.3d at 602.

### 1. Unpaid benefit contributions

Under 29 U.S.C. § 1132(g)(2)(A), the Court shall award unpaid contributions when entering judgment in favor of a plan. Plaintiffs request

$60,858.88 in unpaid contributions. Dkt. 13 at 2. In support, they have provided an affidavit from Richard Wolf, whose firm conducted the compliance audit of JMY, explaining that the audit "found arrears . . . in the amount of $60,858.88 [in] benefits." Dkt. 13-1. Plaintiffs have also provided the audit report itemizing and totaling the unpaid contributions. Dkt 13-1 at 4–8.

This uncontested affidavit and supporting exhibit are enough to support Plaintiffs' unpaid-contributions damages request. *See e360 Insight*, 500 F.3d at 602. They are therefore entitled to $60,858.88 in unpaid contributions.

### 2. Liquidated damages

29 U.S.C. § 1132(g)(2)(C) provides for liquidated damages under the plan "not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount" of unpaid contributions. Plaintiffs request $6,085.89 in liquidated damages. Dkt. 13 at 2. They have supported that request with the affidavit from Richard Wolf, dkt. 13-1, and the plan documents, dkt. 13-3 at 36–37 § 4, 76 § 6 (liquidated damages sections).

Those supporting exhibits are enough to support Plaintiffs' liquidated damages request. *See e360 Insight*, 500 F.3d at 602. They are therefore entitled to $6,085.89 in liquidated damages.

### 3. Costs

Under 29 U.S.C. § 1132(g)(2)(D), the Court shall award "costs of the action, to be paid by the defendant." Plaintiffs request $1,225.00 in audit costs. Dkt. 13 at 2; dkt. 13-1 at 4. In support, they have provided the affidavit from Richard Wolf explaining that his firm charged Plaintiffs "$1,225.00 for

3

services to perform the audit." Dkt. 13-1 at 3 ¶ 6. Plaintiffs are therefore entitled to recover these costs.

### Conclusion

Plaintiffs' motion for default judgment is **GRANTED** to the extent they are entitled to unpaid contributions, liquidated damages, and costs, totaling $68,169.77. Dkt. [13]. Plaintiffs' motion to withdraw docket entry 11 as filed incorrectly, dkt. [12], is also **GRANTED**.

Final judgment shall issue by separate entry.

**SO ORDERED.**

Date: 1/13/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record

4